IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDDIE WATKINS                                                        PLAINTIFF

v.                      Civil No. 02-6102

CHIEF RICHARD TAFT;
MAYOR NORTHCUTT;
LT. McANEAER; LT. ROSS; and
OFFICER BRANDON DAVIS                                   DEFENDANTS

## **O R D E R**

On December 12, 2005, the plaintiff filed a motion to accept the statement of Stanley Paxton, a former defendant, as evidence (Doc. 91). Defendants did not respond to the motion.

Rule 56(c) provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The court and the parties have great flexibility with regard to the evidence that may be used on a Rule 56 proceeding." Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 10A *Federal Practice and Procedure* § 2721 (3d ed. 2005 ). Any evidence that would be admissible or usable at trial may be considered. *Id.*

The statement at issue is a notarized statement of Paxton dated November 25, 2005. *Plff's Ex.* A. At the time Paxton made the statement, he was a named defendant in this lawsuit. His statement concerns events occurring while he was employed by the Malvern Police Department under the supervision of Chief Richard Taft. On November 21, 2005, Watkins filed a motion to voluntarily dismiss Paxton. (Doc. 88). The motion was granted on December 1,

2005. (Doc. 89).

Rule 801(d)(2) provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." It therefore appears that the statement would be admissible as the admission of a party opponent. The undersigned will consider the statement in preparing a report and recommendation on the summary judgment motion.

IT IS SO ORDERED this 24th day of March 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE